JUANA AYALA MONTALVO, demandante y apelante, *v.* JOSÉ M. MIRANDA, CORNELIO DE SANTIAGO y ROSA CUMPIANO, demandados y apelados.

No. 5811.—*Sometido:* Junio 14, 1932. *Resuelto:* Julio 29, 1932.

*E. Báez García,* abogado del apelante; *J. Alemañy Sosa,* abogado de·
los apelados Miranda y de Santiago.

EL JUEZ ASOCIADO SEÑOR CÓRDOVA DÁVILA, emitió la opinión
del tribunal.

Es ésta una acción de nulidad de procedimiento ejecutivo
hipotecario promovida por Juana Ayala Montalvo contra
·José M. Miranda. Se alega en la demanda que el requeri-
miento de pago practicado por el márshal en el procedimiento
ejecutivo carece de validez porque no se hizo en la forma
que ordenó la corte, ya que no se requirió de pago a las
demandadas Rosa Cumpiano y Juana Ayala, requiriendo el
.márshal por su propia iniciativa y asumiendo facultades que
no son de su competencia a otras personas, sin que se hu-
biese solicitado .así por el ejecutante, ni se hubiese ordenado
así por la corte ni se hubiese establecido así por la Ley
Hipotecaria y su reglamento. Se alega además que no se
publicaron los edictos que para tales casos dispone la ley.
De los autos resulta que la finca gravada, compuesta de un
solar y una casa en él fabricada, radica en la calle de Mira-
flor de la ciudad de Mayagüez. Practicado el requerimiento,
se dispuso la venta de la finca en virtud de una orden de la
corte y últimamente se adjudicó dicha finca al demandante
en el procedimiento ejecutivo José M. Miranda por la suma
de $740.51.

La corte ordenó al márshal que requiriese de pago a las
demandadas Rosa Cumpiano y Juana Ayala Montalvo, y en
el certificado de diligenciamiento el márshal dice que las de-
mandadas se habían ausentado del distrito de Mayagüez sin
que se le dijera dónde habían ido y que entonces procedió a
notificar el requerimiento de pago al Sr. Nicolás Cancela que
es la persona que se encontraba al frente de la finca como
inquilino de la misma y al alcalde de la ciudad de Mayagüez,

Sr. Juan Rullán, para que éstos a su vez procedieran a notificar el requerimiento de pago a las demandadas.

Los demandados excepcionaron la demanda, alegando que los hechos expuestos no constituían una causa de acción, y vista dicha excepción la corte inferior dictó sentencia declarándola con lugar y sin lugar la demanda en todas sus partes, con las costas a cargo de la demandante. Contra esta sentencia interpuso dicha demandante recurso de apelación, atribuyendo a la corte inferior dos errores. Se alega que la corte erró al declarar que el márshal no tenía necesidad de orden nueva alguna de la corte para requerir de pago a la persona que se hallaba al frente de la finca. Se alega además que la corte cometió error al declarar que encontrándose frente a la finca hipotecada una persona en el concepto de inquilino o arrendatario de la misma, no había necesidad de publicar el requerimiento por edictos.

De la faz de la demanda resulta que Juana Ayala residió permanentemente en la ciudad de Mayagüez hasta algunas semanas antes de iniciarse el procedimiento hipotecario, en que se trasladó temporalmente al pueblo de Las Piedras, dentro del distrito judicial de Humacao. Se añade que la entonces demandada regresaba a Mayagüez periódicamente a visitar a sus familiares y a atender a sus intereses, percibiendo del inquilino de la casa, Sr. Nicolás Cancela, los cánones de arrendamiento que le correspondían en concepto de dueña que era del solar y casa de referencia, de todo lo cual tenían conocimiento tanto el demandante en aquel entonces y ahora demandado José M. Miranda como el otro demandado Sr. Cornelio de Santiago.

Aunque se alega que Juana Ayala Montalvo visitaba periódicamente a Mayagüez, no se fija el sitio de su residencia ni se alega que conservara esta residencia en dicha ciudad. De acuerdo con el inciso segundo del artículo 128 de la Ley Hipotecaria, se requerirá al deudor de pago si residiere en el lugar en que radica la finca y si se supiera su domicilio;

bastará en otro caso que se requiera al que se halle al frente de la finca en cualquier concepto legal a fin de que ponga en conocimiento del dueño la reclamación. De modo que aunque el deudor resida en el lugar donde radica la finca si no se sabe su domicilio debe requerirse a la persona que se halle al frente de la finca en cualquier concepto legal. El deudor puede residir en un sitio y la finca gravada puede estar radicada en otro. La demandante alega que residía incidentalmente en Las Piedras y que el demandante en el procedimiento ejecutivo tenía conocimiento de este hecho. No surge de las alegaciones de la demanda que la demandada tuviese residencia fija en Mayagüez y que se supiese dónde estaba su domicilio. La casa gravada fué arrendada a Nicolás Cancela. No sabemos si la demandante vivía en esta casa o en otro sitio antes de abandonar a Mayagüez. Si vivía en esta casa es claro que dejó de residir en ella desde el momento en que la arrendó. No apareciendo que la demandante Juana Ayala Montalvo residiera en Mayagüez en un sitio determinado no puede decirse que fuese posible requerirla personalmente en sus visitas a dicha ciudad, porque si carecía de residencia no es de suponer que pudiese saberse dónde se encontraba para que se llevase a cabo el requerimiento de pago. Decimos esto, a mayor abundamiento, porque ignorado el domicilio, el requerimiento al arrendatario, que era la persona encargada de la finca, estuvo justificado.

En el caso de *Román Benítez* v. *Francisca Rivera Gómez*, resuelto recientemente por esta corte, se alegó en la demanda solicitando la nulidad del procedimiento ejecutivo que el demandado en dicho procedimiento residía en el distrito de San Juan en una casa inmediata a la finca gravada. En el escrito inicial solicitando que se expidiese el auto de requerimiento se fijó la residencia del demandado y se demostró que éste tenía su residencia habitual y permanente en la calle Loíza, de Santurce. También se demostró que no se requirió ni al demandado personalmente ni a ninguna persona que

estuviese a cargo de la finca en algún concepto legal. En el presente caso no se dice dónde tenía Juana Ayala Montalvo su domicilio, y en cambio se alega que residía incidentalmente en Las Piedras. Entendemos que la corte inferior no cometió error al declarar que la demanda no aduce hechos suficientes para determinar una causa de acción. El márshal no tenía necesidad de una nueva orden para notificar el requerimiento a la persona que se encontraba a cargo de la finca en concepto de arrendatario, ni había tampoco necesidad de publicar edictos, porque de acuerdo con la ley hipotecaria y su reglamento cuando el deudor no reside en el lugar en que radica la finca, o cuando residiendo en dicho lugar se ignore su domicilio, debe requerirse a la persona que se halle al frente de la finca en cualquier concepto legal a fin de que ponga en conocimiento del dueño la reclamación.

*Debe confirmarse la sentencia apelada.*